```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

JEFFREY S.,

        Plaintiff,

        v.                           **DECISION AND ORDER**
                                          19-CV-1608S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

    1.    Plaintiff Jeffrey S.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his applications for supplemental security income under Title XVI of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    2.    Plaintiff protectively filed his application for benefits under Title XVI of the Act on July 12, 2016. (R.[2] at 69, 106.) Plaintiff alleged disability beginning on July 12, 2016, due to a shoulder fracture and subsequent shoulder replacement. (R. at 106.) Plaintiff's application was denied. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). ALJ Stephen Cordovani held a hearing on November 15, 2018, at which Plaintiff, represented by his attorney, appeared and testified. (R. at 61-104.) Vocational Expert Timothy Janikowski also appeared and testified by telephone. At

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by his first name and last initial.

[2] Citations to the underlying administrative record are designated as "R."

the time of the hearing, Plaintiff was 50 years old, with a college degree and prior work experience as a receiver and musician. (R. at 69, 73, 115.)

3. The ALJ considered the case de novo and, on December 3, 2018, issued a written decision denying Plaintiff's application for benefits. (R. at 46-56.) On October 1, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on November 26, 2019, challenging the Commissioner's final decision.[3]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 12, 14.) Plaintiff filed a response on August 10, 2020 (Docket No. 15), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the

---

[3] The ALJ's December 3, 2018, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or

3

> mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of July 12, 2016. (R. at 48.) At step two, the ALJ

4

found that Plaintiff has the severe impairments of right comminuted proximal humerus[4] fracture, status post right reverse shoulder arthroplasty with subsequent revision and later post-op polymicrobial infection, status post irrigation and debridement and excision of heterotopic ossification and bilateral facet arthropathy L4-5 and L5-S1. (Id.)

11. The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments in 20.C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R. at 50.)

12. Next, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except with

> occasional bending; no crawling; no climbing ladders, ropes or scaffolds; no overhead reaching with right, dominant arm; no reaching with right arm at the shoulder joint level; occasional reaching with right arm can be performed at elbow level; occasional handling with right hand; no pushing or pulling with right arm; no work around unprotected heights and no vibration.

(R. at 51.)

13. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (R. at 54.) At step five, the ALJ found that there is a significant number of jobs in the national economy that Plaintiff can perform. (R. at 55.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 56.)

14. Plaintiff argues that the that the Appeals Council erred in refusing to consider medical records he submitted with his appeal of the ALJ's decision. He also

---

[4] "The humerus is the bone in [the] upper arm. It's located between [the] elbow and [the] shoulder, and consists of several parts that allow it to move freely in different directions." https://www.healthline.com/health/humerus-bone, accessed 3/10/2021.

argues that the ALJ erred in giving substantial weight to the opinion of consultative examiner Dr. Samuel Balderman because Dr. Balderman did not consider imaging of Plaintiff's shoulder or back in formulating his opinion.

15. Plaintiff argues that the ALJ's decision is not based on substantial evidence because the AC refused to consider relevant medical evidence he submitted after the ALJ's decision date.

16. After an ALJ issues her decision, a claimant may request that Appeals Council review the decision. 20 C.F.R. §§ 404.967, 416.1467. The Appeals Council must consider additional evidence that a claimant submits if the claimant can show good cause for not submitting it to the ALJ; it is new, material, and relates to the period on or before the ALJ's decision; and there is a reasonable probability that it would change the outcome of the decision. Simon v. Berryhill, No. 16-CV-4088, 2017 WL 4736732, at *2 (E.D.N.Y. Oct. 19, 2017); see also 20 C.F.R. §§ 404.970(a)(5), (b), 416.1470(a)(5), (b).

17. Evidence is new if it is not cumulative of what is already in the record. Simon, 2017 WL 4736732, at *2. It is material if it is relevant to the claimant's condition during the time period for which benefits were denied and there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently. Webb v. Apfel, No. 98-CV-791, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991)).

18. Even "[m]edical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing." Pulos v. Comm'r of Soc. Sec., 346 F. Supp. 3d 352, 362 (W.D.N.Y. 2018) (citing Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004)). This is because the evidence "may demonstrate that 'during the relevant time period, [the

claimant's] condition was far more serious than previously thought.'" Pulos, 346 F. Supp. 3d at 362 (quoting Newbury v. Astrue, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (summary order)). On the other hand, the Appeals Council is not required to consider evidence that "does not provide additional information about the claimant's functioning during the relevant time period" and "instead relates to his or her functioning at some later point in time." Kraus v. Comm'r of Soc. Sec., No. 18-CV-213-FPG, 2020 WL 1330698, at *1–2 (W.D.N.Y. Mar. 23, 2020).

19. Here, Plaintiff submitted three medical records from visits in 2019, after the ALJ's decision was rendered. On May 2, 2019, a right shoulder X-ray revealed a fused or ankylosed shoulder joint. (R. at 24.) Dr. Slough, the orthopedic doctor who interpreted the imaging, further noted that Plaintiff had normal strength in his left shoulder, but he could not test Plaintiff's strength on the right. Plaintiff's range of motion on the right was 40 degrees forward, 10 degrees external rotation, and he could not cross his chest with his right arm. (R.at 26.) On July 8, 2019, Plaintiff was treated by Nurse Practitioner Nicolette Sciolino, PA. (R. at 21.) Plaintiff presented with an abscess on his right shoulder, which was aspirated and treated with antibiotics. (Id.) On August 7, 2019, Dr. Rachel Schwartz observed that Plaintiff's shoulder abscess had resolved. (R. at 14.) He was treated for an ongoing skin rash. (R. at 15.)

20. The Appeals Council stated that, because the ALJ decided Plaintiff's case through December 3, 2018, the new evidence "d[id] not relate to the period at issue." (R. at 2.) At least regarding the imaging from May 2019, this Court disagrees.

21. The May 2019 X-ray is consistent with prior findings of shoulder ossification, and with Plaintiff's ongoing complaints regarding the intensity, persistence, and limiting

effects of shoulder post-surgery. Leonard v. Colvin, No. 15-CV-5757 (NG), 2017 WL 496072, at *5 (E.D.N.Y. Feb. 6, 2017). Further, although Defendant argues that this is the case, this Court finds no indication that this diagnosis, which postdates the ALJ's decision by only five months, materialized only after the ALJ's decision. See Leonard, 2017 WL 496072, at *5 (citing Farina v. Barnhart, No. 04 CV 1299 JG, 2005 WL 91308, at *5 (E.D.N.Y. Jan 18, 2005)). Because the May 2019 evidence of ankylosis is material and relevant to Plaintiff's functioning during the relevant period, the fact that it was not considered makes the ALJ's decision unsupported by substantial evidence, and remand is warranted on this basis.

22. Plaintiff also argues that because Dr. Balderman did not have access to imaging records that predated and postdated his examination of Plaintiff, his opinion did not warrant the substantial weight the ALJ gave it. This argument is unconvincing.

23. While laboratory and X-ray results are an element of a complete consultative examination, 20 C.F.R. § 404.1519n(c)(4), the lack of such results does not preclude an ALJ from giving weight to the opinion of a consultative examiner. See John D. A. v. Comm'r of Soc. Sec., No. 19-CV-00778, 2020 WL 6916751, at *4 (W.D.N.Y. Nov. 24, 2020) (citing Wright v. Berryhill, 687 F. App'x 45, 48 (2d Cir. 2017) ("the facts that Dr. Wassef's … review did not include the plaintiff's MRI results do[es] not preclude the ALJ from assigning Dr. Wassef's opinion significant weight")); see also Amos v. Comm'r of Soc. Sec., No. 1:18-CV-1367, 2020 WL 1493888, at *4 (W.D.N.Y. Mar. 27, 2020) (ALJ did not err in affording weight to consultative examiner who did not review objective imaging); Giovino v. Comm'r of Soc. Sec., No. 19-CV-122, 2020 WL 1909982, at *3 (W.D.N.Y. Apr. 20, 2020) (same); Genito v. Comm'r of Soc. Sec., No. 7:16-CV-0143, 2017

WL 1318002, at *9 (N.D.N.Y. Apr. 7, 2017) ("there is no legal requirement that opinion sources must have access to a full and complete record in order for their opinions to be sufficient to constitute substantial evidence").

24. Here, Plaintiff's right shoulder posed ongoing problems throughout the relevant period. He had a reverse total shoulder arthroplasty on March 1, 2016, several weeks after fracturing his humerus. (R. at 323.) He underwent a revision of this surgery on March 16, 2016. (R. at 412.)

25. An X-ray done on April 28, 2016, revealed "excision of heterotopic ossification."[5] (R. at 322.) An X-ray on June 8, 2016, showed "reverse total shoulder in place without evidence of loosening, HO noted." (R. at 388.)

26. Dr. Balderman performed a consultative examination on September 6, 2016. (R. at 393-95.) On examination, Plaintiff had 10 degrees abduction in his right shoulder, 120 degrees abduction in his left shoulder, and full range of motion in his elbows, forearms, and wrists bilaterally. (R. at 394.) Dr. Balderman opined that Plaintiff had a marked limitation in the use of his right arm for reaching, pushing, and pulling, and a mild limitation in repetitive bending and lifting. (R. at 395.)

27. Dr. Balderman came to his opinion from a thorough in-person examination of Plaintiff. It was not error for him to reach an opinion without prior imaging results. And it was not possible for him to view imaging results generated after his examination of Plaintiff. Nor was it error for the ALJ to rely on Dr. Balderman's opinion. The ALJ properly

---

[5] "Heterotopic ossification … describe[s] bone that forms in a location where it should not exist. Heterotopic ossification generally means that bone forms within soft tissues, including muscle, ligaments, or other tissues. Often abbreviated "H.O.," heterotopic ossification can occur just about anywhere in the body. Heterotopic bone often forms after surgery, injury, or sometimes for unknown reasons." https://www.verywellhealth.com/heterotopic-ossification-2549277, accessed 3/9/2021.

found that it was based on examination, program knowledge, and supported by the record as a whole, all factors the ALJ is permitted to consider. (R. at 54.)

28. However, even if Dr. Balderman did not err in not considering the imaging, this Court finds that the ALJ failed to explain impact of a 2017 X-ray on Plaintiff's functioning. An X-ray taken on May 26, 2017, showed "considerable ossification … anteriorly, posteriorly, inferiorly and superiorly around the right shoulder prosthesis." (R. at 479.) Ossification "bridge[d] the components laterally and posteriorly." (Id.) The ALJ noted this finding, but nowhere discussed how the "considerable ossification" observed after Dr. Balderman's examination would impact Plaintiff's functioning. (R. at 53.) Without an opinion explaining how this change affected Plaintiff's functioning, this Court cannot find ALJ's RFC supported by substantial evidence, especially given what appear to be further changes in, and possible deterioration of, Plaintiff's shoulder. As Defendant notes, it is possible for an ALJ to formulate an RFC based on the record without a medical opinion, when the record contains sufficient evidence. See Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 34 (2d Cir. 2016). But here, the record does not contain any medical assessment of the impact of the 2017 shoulder ossification on Plaintiff's functioning. Remand is warranted on this basis as well.

29. On remand, the ALJ shall assess Plaintiff's functional capacity in light of all available shoulder imaging, with the help of a medical opinion if needed.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this opinion.

FURTHER, that the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

Dated:	March 18, 2021
	Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
